# IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **JOHN VIRGIL McCUTCHEON,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL NO. 05-655-WDS** |
| | ) | |
| **GREG LAMBERT,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## MEMORANDUM AND ORDER

**STIEHL, District Judge:**

Petitioner, currently an inmate in the Western Correctional Center, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. This is the second habeas corpus petition that Petitioner filed in this District; his first petition was denied and dismissed on the merits when the Honorable G. Patrick Murphy found that all four grounds presented in that petition were either procedurally barred or procedurally defaulted. *McCutcheon v. Carter*, Case No. 97-cv-625-GPM (S.D. Ill., filed July 23, 1997).

(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable;  or
(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence;  and
  (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable

factfinder would have found the applicant guilty of the underlying offense.

(3)    (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
(B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
(C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
(D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
(E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

28 U.S.C. § 2244(b).

The instant petition presents no information suggesting that the Seventh Circuit Court of Appeals has authorized the filing of this second habeas corpus petition; therefore, this Court does not have jurisdiction to consider any of Petitioner's arguments, and this action is **DISMISSED.** Dismissal is without prejudice to Petitioner filing his claims in a new habeas corpus petition, but only after he has sought an obtained proper authorization from the Seventh Circuit to file such a petition.

**IT IS SO ORDERED.**

**DATED: July 18, 2006.**

_**s/ WILLIAM D.  STIEHL**_
**DISTRICT JUDGE**

- 2 -